Shackelford, J.,
delivered the opinion of the Court.
This is a suit brought by the complainant, a married woman, in the Chancery Court at Jonesborough.
The bill states she is the owner of three slaves, which had been settled upon her for her sole and sepa *393 rate use; that they were taken from her possession by theft, by persons unknown, and were in the possession of Oone and Adler. She prayed an attachment and injunction that the defendants be enjoined from selling or disposing of said slaves; that they be attached and placed in the hands of a receiver, and hired out, subject to the further orders of the Court, and on a final hearing, the slaves be decreed to her, free and apart from the control and dominion of her husband, who was made a party defendant to the bill, and that the pretended title of Cone and Adler be declared null and void, and that they account for the value of said slaves and hires, if they have sold them, and for general relief.
Upon the filing of the bill, an attachment issued, and on the 30th of July, 1863, two days after the filing of the bill, an order was made at Chambers by the Chancellor appointing a receiver, who was directed to take said slaves into his possession, and hire them out subject to the further orders of the Court. The bill was taken for confessed. From the testimony of the receiver taken in the cause, who proves he received the slaves shortly after the making of the order, and hired them out for nine months to-Wilds. About the expiration of that time, he was compelled to leave the country, and could exercise no further control over them. The Clerk was directed to take proof and show the facts how the defendants came into the possession of the slaves, and by a decree of the Court he was directed to examine the defendants, Cone and Adler.
It appears from the report, they purchased the slaves from one Gardner Hawkins, in the town of Jonesborough, *394 a few days before the filing of the bill. At the time of the purchase, they supposed Hawkins had a good title. Upon the arrival of the complainant in Jonesborough, being advised by counsel, they removed the slaves a short distance in the country. Upon the filing of the bill they delivered them to the sheriff.
The title of the complainant is clear and unquestionable. Upon the hearing, the Court was of opinion, the complainant, by her bill having attached the slaves and placed them in the hands of a receiver, they having been emancipated by the act of the people, on the 22d of February, 1865, was not entitled to recover the value, but that the defendants were liable for the hires. A decree was rendered against them for all their hires until they were emancipated, except their hires to-Wilds. Both parties appealed from the decree.
We think there is no error in that part of the decree in which the defendants were held not to be liable for the value of the slaves. This is a detinue bill to recover the property in specie. The prayer of the bill is specific, that they be placed in the hands of a receiver, and hired out, and upon the hearing, that her rights be declared, and they be settled upon her, free from the debts and contracts of her husband. In the event that Cone and Adler had sold the slaves, she asked that they be held liable for the value. It was only in the event she could not recover the specific property, that she asked to hold them liable for a conversion. When a specific relief is prayed, a complainant cannot dissent, at the hearing, to the relief he has sought, and, under the general prayei’, ask relief of an *395 other description, unless the facts and circumstances charged by the bill, -will, consistently with the rules of the Court, maintain the relief: 1 Daniel Chancery Practice, 335, and the authorities cited. In 13 Vesey, 119, it was held, “if the bill contains charges putting facts at issue that are material, the plaintiff is entitled to the relief which these charges sustain under the general prayer, but he cannot desert the specific relief prayed for, and, under the general prayer, ask relief of another description.” By the filing of the bill in this cause, and suing out an attachment and placing the property in the hands of a receiver, the complainant elected to take the specific property, and waived the conversion. It was placed in custodia legis, and the defendants were thereby divested of all control of it. The tortious taking of property does not change the title, unless the owner elect so to treat it. Such being the rule of law, in whom was the title to the slaves when the bill was filed? From the title papers exhibited, the complainant had a clear and unquestionable title in the property, and she, under the settled decisions of this Court, had a right to file a bill to recover the possession: 11 Hum., 478. She elected to take the possession of the property. The defendants, in their purchase from Hawkins, the property having been stolen, acquired no right or title to the slaves. The possession was taken from them; and the complainant had, by filing the bill, asserted her title; and though the slaves were in cus-todia legis, the right and title to the property remained in her; and they having been emancipated, the title being in her, she must bear the loss. This principle *396 was settled by this Court in Conrad vs. Thompson, (Manuscript opinion,) at Jackson, 1867, and Young vs. Thompson, at Nashville, 1866. See, also, 6 Vesey, 349, and 11 Vesey, 554.
We think there is no proof to sustain that part of His Honor’s decree in which the defendants were charged with the hires after the negroes were placed in the hands of a receiver. They were no longer under or subject to the control of the defendants. There is no proof that they exercised any control over them. Only four or five days elapsed from the purchase of the slaves to the filing of the bill, and the delivering of them to the receiver. After they passed into his hands the defendants cannot be charged with hires, unless they exercised control, over them; and as the record does not show who had possession after the expiration of Wild’s hiring, the cause will be remanded for an account of the hires while in the hands of the receiver.
That part of the decree charging the defendants with all the hires, will be reversed, and in all other matters, affirmed.